**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:16-CV-00080-LLK**

**JULIE F. DUVALL**                                                                                          **PLAINTIFF**

**v.**

**NANCY A. BERRYHILL, Acting Commissioner of Social Security**                        **DEFENDANT**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Dockets 12 and 17. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. Docket 8.

The administrative law judge (ALJ) found that Plaintiff is restricted to sedentary work and is not disabled because she retains the ability to perform her past relevant work as a part-time, self-employed barber.

The Court will REMAND this matter to the Commissioner for a new decision because substantial evidence does not support the ALJ's findings pertaining to Plaintiff's limitations and does not support the ALJ's finding that Plaintiff's prior work qualifies as part relevant work.

**Background facts and procedural history**

In 1987, Plaintiff began work as a self-employed, part-time barber. She rents her shop and purchases her own supplies. Administrative Record (AR), p. 53.

In 2006, she suffered a severe left ankle fracture requiring arthrodesis[1] and fusion of the talus, fibula, and tibia bones of the left ankle.  AR, p. 37 referring to AR, p. 625.  The surgery was relatively successful, and she continued working.

In or around July 13, 2011, she reinjured her ankle.  She wears a prescribed stabilizing ankle brace.  AR, pp. 55 and 56.  Due to increased ankle pain and limitation, she stated that "I reduced my customer load from 10 to 12 customers a week, to approximately five customers a week including walk-ins."  AR, p. 326.

She continues to work but with modification.  She works sitting in a high stool, keeping the customer mostly below her and her supplies close at hand.  AR, p. 58.

She filed for Social Security disability benefits, alleging disability commencing on July 13, 2011.

The ALJ acknowledged that Plaintiff's earnings after July 13, 2011 did not rise to the level of substantial gainful activity (SGA).  AR, p. 33.  The ALJ found, however, that her earnings prior to July 13, 2011 constituted SGA and, therefore, constituted past relevant work (PRW).  See 20 C.F.R. § 404.1560(b)(1) ("Past relevant work is work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it").

The ALJ found that Plaintiff retains the ability to perform her PRW (as she actually performed it prior to July 13, 2011) and, therefore, she is not disabled.  AR, pp. 20 and 40.

**The ALJ's findings pertaining to Plaintiff's limitations
are not supported by substantial evidence.**

The ALJ found that "the record reveals that the claimant's allegedly disabling impairments were present at approximately the same level of severity prior to the alleged onset date [July 13, 2011, when

---

[1] Arthrodesis is surgical immobilization of a joint by fusion of the adjacent bones.  Ankle arthrodesis is a fusion of two or more of the component bones of the ankle.  An ankle arthrodesis is indicated when a fracture is healing or has healed in a malunited position, or when a fracture results in arthritic changes and significant clinical pain.  The purpose of arthrodesis is to fuse the component bones of the ankle in their proper positions, preventing future pain and damage from the movement of a defective joint.  5 Am.Jur. Proof of Facts 3d (Ankle Injuries).

Plaintiff re-injured her ankle].  The fact that the impairments did not prevent the claimant from working at that time strongly suggests that it would not currently prevent work."  AR, p. 39.[2]

The ALJ's conclusory finding that Plaintiff's impairments were present at the same level of severity prior to July 13, 2011 is belied by the ALJ's own specific findings (AR, pp. 37-39):

1.  Plaintiff "had virtually no treatment until July 2011."

2.  "In [July] 2011, she had been having increasing difficulty with her left foot."  She was referred to pain management, where Dr. Beard prescribed hydrocodone, a "short leg double upright brace, ankle locked at 90 degrees," and special shoes.

3.  Dr. Beard "thought [Plaintiff] would have some chronic progression of her arthritis and functional problems as far as standing and walking.  In August 2012, she was limping."

4.  Plaintiff began experiencing "pain and reduced range of motion in her right arm.  …  [Dr. Beard] diagnosed supraspinatus dysfunction of the right shoulder [with] partial tearing of the supraspinatus, [osteoarthritis] along with labral tear.  She was recommended to have an injection and attend [physical therapy].

The ALJ's findings pertaining to Plaintiff's limitations are not supported by substantial evidence.

**The record is unclear whether Plaintiff's work prior to July 13, 2011 constituted SGA.**

20 C.F.R. § 404.1574(b), Table 1 provides that the following monthly earnings rise to the level of SGA:

In calendar years 1980-1989        $300 per month

January 1990 - June 1999        $500 per month

July 1999 - December 2000        $700 per month

Beginning in 2001, earnings constituting SGA have steadily increased from $740 per month (in 2001) to $1,000 in 2011.  See https://www.ssa.gov/oact/cola/sga.html.

---

[2] Stated succinctly, the ALJ implicitly found that Plaintiff's workload reduction following ankle re-injury was not medically necessary.

The ALJ found that Plaintiff's work prior to July 13, 2011 (the alleged onset of disability date) constituted SGA. The ALJ calculated Plaintiff's pre-onset earnings to be approximately $768 per month; observed that these amounts are greater than $700 and $740 per month, respectively; and concluded that Plaintiff's work prior to July 13, 2011 constituted SGA. AR, p. 41.

The ALJ's calculation was based on Plaintiff's completion of the Disability Report (Adult). According to the ALJ, Plaintiff stated that she worked from August 1987 through July 2012; earned $8 per hour; and worked 4 hours per day, 6 days per week. ALJ's decision at AR, p. 41 referring the Report at AR, p. 282. In fact, Plaintiff stated that she worked 6 hours per day, 4 days per week. Regardless, in stating that she earned $8 per hour, it is unclear whether Plaintiff deducted her business expenses (rent and supplies).

Presumably, Plaintiff did deduct business expenses on her federal income tax returns from 1987 through 2011. According to the returns, Plaintiff's lowest yearly earnings were in 2011, when she earned $1,636; her highest earnings were in 1999, when she earned $5,351; and her next highest earnings were in 2000, when she earned $3,737. AR, p. 269. Typically, her yearly earnings were in the $2,000s and $3,000s. Id. These earnings are far below those required for SGA.

Rather than relying on them as indicative of Plaintiff's true earnings, the ALJ stated simply that she was "surprised" by Plaintiff's income tax returns. AR, p. 41.

Because the evidence regarding Plaintiff's earnings prior to July 13, 2011 is ambiguous and potentially conflicting, the Court is unable to conduct a meaningful review of the ALJ's finding that Plaintiff's earnings qualified as SGA. A remand is required for a new decision and additional findings.

**The record adequately shows that Plaintiff's PRW, if any, was sedentary.**

A claimant is deemed capable of performing PRW if she can perform it either as it was actually performed or as it is generally performed in the national economy. 20 C.F.R. § 404.1560(b)(2); Social Security Ruling (SSR) 82-62, 1982 WL 31386.

The ALJ found that Plaintiff is restricted to sedentary work and that, although her PRW is generally performed at the light exertional level, she actually performed it at the sedentary level. AR, pp. 36 and 40. Therefore, according to the ALJ, Plaintiff is not disabled because she retains the ability to perform her PRW as actually performed.

Plaintiff argues that "there is no proper evidentiary basis to establish that the Plaintiff performed past relevant work at the sedentary level." Docket 12, p. 6. The argument is unpersuasive because Plaintiff testified that she worked in a sitting posture (using her stool) since 1991. AR, p. 72.

**Plaintiff has not proven that her ankle impairment satisfies Listing 1.03.**

Plaintiff argues that her left ankle impairment satisfies Listing 1.03.

Plaintiff is entitled to a conclusive presumption of disability if she shows medical evidence meeting or equaling the medical criteria of any impairment listed in Appendix 1 of the regulations (the so-called Listing of medical impairments). Because the Listing represents an automatic screening-in of an impairment as per-se disabling (regardless of any other factor such as age, education, and prior work experience), Plaintiff's burden of proving that the criteria of the Listing are satisfied is construed strictly. See Secretary v. Zebley, 493 U.S. 521, 530 (1990) ("An impairment that manifests only some of [a Listed impairment's] criteria, no matter how severely, does not qualify").

Listing 1.03 defines the following medical condition as per-se disabling:

Reconstructive surgery or surgical arthrodesis of a major weight-bearing joint, with inability to ambulate effectively, as defined in 1.00B2b, and return to effective ambulation did not occur, or is not expected to occur, within 12 months of onset.

The ALJ found that Plaintiff's ankle impairment does not satisfy the Listing because she is able to ambulate effectively.

Effective ambulation is defined in Section 1.00B2b[3] as an ability to walk sufficiently to carry out basic activities of daily living such as traveling to and from a place of employment without a walker or other assistive device.

In October 2012, Plaintiff was examined at the request of the Commissioner by Mark Burns, M.D. Dr. Burns opined that Plaintiff has the ability to perform activities involving standing, moving about, and traveling; that she has normal gait and station; and does not use a cane or other assistive device for ambulation. AR, p. 513.

The ALJ found that Plaintiff can ambulate effectively in light of Dr. Burns' findings, because she continued to work during the period under consideration[4], and because no medical source mentioned a need for an assistive device.[5] AR, p. 36. This finding is supported by substantial evidence in the administrative record.

**The ALJ's findings regarding Plaintiff's right shoulder / rotator-cuff impairment were supported.**

Plaintiff argues that the ALJ erred in not including among her "severe," or vocationally-significant, impairments a right shoulder / rotator-cuff impairment.

Plaintiff suffers from supraspinatus dysfunction of the right shoulder as evidenced by an MRI showing partial tearing of the supraspinatus and osteoarthritis along with labral tear. AR, pp. 611-613.

---

[3] Section 1.00B2b states that: "To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation."

[4] Plaintiff's point is well taken that continuing to work is not a factor in determining ability to effectively ambulate. Docket 12, p. 4. Continuing to work, however, is relevant in this case because Plaintiff indicated that she drove herself to and from work. AR, pp. 60 and 293. By definition, ambulation contemplates the "ability to travel without companion assistance to and from a place of employment or school." Section 1.00B2b.

[5] Plaintiff's reliance on her ankle brace as the functional equivalent of an assistive device is unpersuasive because such device must "limit[] the functioning of both upper extremities," for example, a walker or two canes. Section 1.00B2b.

The ALJ acknowledged this impairment and found that it results in Plaintiff's being unable to use her dominant right hand and arm above elbow level for reaching overhead, outward, or laterally. AR, p. 36.

Plaintiff has not provided any evidence that her right-shoulder impairment requires greater limitation than the ALJ found. Therefore, to the extent the ALJ erred in not labeling the impairment as "severe," the error was harmless. See Maziarz v. Secretary, 837 F.2d 240, 244 (6th Cir. 1987) (If the ALJ considered the limiting effects of all severe and non-severe impairments as a whole, the ALJ's failure to label a non-severe impairment as "severe" was, at worst, harmless error) and McGlothin v. Commissioner, 299 Fed.Appx. 516, 522 (6th Cir. 2008) (It is "legally irrelevant" that the ALJ found an impairment to be non-severe because the ALJ acknowledged the presence of other severe impairments and completed the evaluation process).[6]

## Order

This matter is REMANDED to the Commissioner for a new decision and further administrative proceedings pertaining to Plaintiff's limitations and whether her prior work qualifies as part relevant work.

---

[6] Plaintiff attempts to buttress her argument that the ALJ erred in not acknowledging a severe shoulder impairment with evidence that was not before the ALJ (and first submitted to the Appeals Council) showing decreased right shoulder flexion and abduction and right-arm weakness. AR, pp. 660 and 665.

Evidence submitted after the ALJ's decision may be considered by a reviewing court only for the limited purpose of determining whether to grant a motion for a remand for consideration of new and material evidence pursuant to the sixth sentence of 42 U.S.C. § 405(g). Cline v. Commissioner, 96 F.3d 146 (6th Cir.1996). The evidence in this case does not warrant a sentence-six remand because it is immaterial. There is no reasonable probability of a different decision if the evidence had been before the ALJ.